# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**TRAVIS WADLINGTON,**                                                     **PETITIONER**

**V.**                                                        **NO. 2:02CR029-GHD**
                                                                      **NO. 3:03CV202-GHD**

**UNITED STATES OF AMERICA,**                                    **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is the Petitioner's, Travis Wadlington, Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion and the Government's response, the court finds that the motion is not well taken and shall be denied.

### A. Factual Background

The record established that Petitioner, along with his codefendants, Martin and Webster, knowingly aided and abetted each other in armed bank robbery and in so doing aided and abetted each other in using and carrying a firearm. The factual basis recited in Petitioner's change of plea hearing revealed that on November 2, 2001, Petitioner and codefendants entered a bank in Hernando, Mississippi. One of the codefendants brandished a semi-automatic handgun while the other two removed money from the teller drawers. The three left the bank in a stolen car and were spotted by a police officer who observed the defendants park the car and enter a second stolen car. Law enforcement officers gave chase, the defendants wrecked the stolen car and fled on foot. All three were later apprehended. One of the defendants was found in possession of a .45 caliber handgun. Officers also recovered clothing, knit caps, gloves, dye packs and $27,000 of the ill-gotten proceeds.

Following their arrest, all three defendants confessed to their involvement in the robbery. Petitioner admitted that he had arranged or at least requested the two stolen vehicles.[1]

B. *Procedural Background*

Petitioner, along with two other defendants, was charged in a two count indictment with aiding and abetting each other in an armed bank robber, in violation of 18 U.S.C. § 2113 (a) and (d) and abetting the carrying, possessing, brandishing and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).[2] On March 19, 2002, Mr. Thomas Levidiotis was appointed to represent Petitioner in the underlying criminal matter. With the advice of counsel, on April 17, 2002, Petitioner entered a plea of guilty to Count One and the lessor included offense of Count Two, aiding and abetting the carrying and use of a firearm.[3] The court accepted Petitioner's plea finding that it was knowing, voluntary and supported by an independent factual basis. A presentence report was prepared and presented without written objections by Petitioner. On July 26, 2002, Petitioner was sentence to 63 months on Count One and 60 months on Count Two for a total of 123 months to be served consecutively. Judgement was entered on July 30, 2002. No direct appeal was pursued and this petition was filed on November 5, 2003.[4] Recently, the government motioned the court to reduce Wadlington's sentence. On April 12, 2006, the court granted the motion pursuant to Federal Rule of Criminal Procedure 35 and reduced Wadlington's sentence by 41 months requiring him to serve a term of 82 of months incarceration.

---

[1] According to the presentence report Petitioner admitted that he had the weapon in his possession when he was apprehended. Petitioner did not file any written objections to the presentence report.

[2] The original indictment was superceded to correct an erroneous date.

[3] Petitioner avoided the more serious offense of "brandishing."

[4] The state concedes that Petitioner mailed the instant petition on October 30, 2003.

In support of his motion, Petitioner challenges the constitutional validity of his plea of guilt to the Second Count in the indictment. Specifically, Petitioner argues that he received ineffective assistance from his court appointed counsel, Mr. Levidiotis who advised him to plead guilty to the § 924(c) offense although Petitioner insisted he was innocent. Additionally, Petitioner asserts that the sentence he received for aiding and abetting an armed robbery included the use of a firearm, therefore, the consecutive sentence he received on Count Two was "constitutionally informed."

### C. Statute of Limitation

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. That section provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As noted above, Petitioner was sentenced on July 26, 2002. Judgment was entered on July 30, 2002. Under Rule 4(b)(1)(A)(i) of Appellate Procedure, Petitioner had ten days from the entry of the judgment to file a notice of appeal. Thus, his judgment became final on August 9, 2002, the last day Petitioner could have appealed his sentence. In order to be timely, his § 2255 motion should have been filed on or before August 9, 2003. Unfortunately, Petitioner did not file his motion to vacate sentence until October 30, 2003, more than one month too late. Therefore, the motion is barred by the one year statute of limitation unless one of the other three events described under § 2255 is applicable.

Petitioner, however, does not allege any impediment to making the motion or that the government prevented him from seeking relief. Petitioner does not assert any newly recognized right that would apply retroactively. Nor is his motion based on any facts that where not readily apparent at the time he entered his plea of guilt. To the contrary, each argument set forth in his motion, though meritless, should have been blatantly obvious, particularly to the Petitioner himself, up to and including the day he plead guilty. Consequently, as discussed *supra*, Petitioner's § 2255 motion is untimely.

*C. Merits of the Motion*

1. Ineffective Assistance of Counsel

In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. As long as the defendant understood the length of time he might possibly receive in his sentence, he was fully aware of his plea consequences then his guilty plea was not unknowing or involuntarily, even if he received erroneous advice of counsel regarding the sentence likely to be imposed. *U.S. v. Sana Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

To this point Petitioner argues that Mr. Levidiotis was ineffective for imprudently advising him to plead guilty to the § 924(c) offense since he, Petitioner, was innocent of that charge and adequate counsel should have known that. The § 924(c) charge involves two elements: (1) the defendant aided and abetted the use or carrying of a firearm, and (2) that the use or carrying of the firearm occurred during and in relation to a crime of violence. *U.S. v. Laury*, 49 F.3d 145, 151 (5th Cir. 1995). A person who aids or abets the commission of a crime is punishable as a principal. 18 U.S.C. § 2. To prove aiding and abetting, the government must show that the defendant (1) associated with a criminal venture; (2) participated in the venture; and (3) sought by action to make the venture succeed. *Laury*, 49 F.3d at 151. Association means that the defendant shared in the criminal intent of the principal. *U.S. v. Lopez-Urbina*, 434 F.3d 750, 757-58 (5th Cir. 2005). Participation means that the defendant engaged in some affirmative conduct designed to aid the venture. *Id.* at 757.

Given the facts as they were contained in the factual basis presented at Petitioner's plea hearing, Mr. Levidiotis acted reasonably and effectively in all respects with regard to his representation of Petitioner. Indeed, there was likely no more prudent alternative in light of Petitioner's admissions and statements. The undisputed evidence indicates that Petitioner was involved in a violent crime while, at least, an associate brandished or carried a firearm. Petitioner, himself, has acknowledged his participation in and furtherance of the criminal venture. Petitioner even concedes that a firearm was used. Even if Petitioner did not possess the handgun during the bank robbery, he was a part of the venture and, as such, he is just as culpable as though he used or brandished it during the commission of the crime. Therefore, Petitioner's ineffective assistance of counsel argument based upon his "innocence" is without merit.

2. Constitutionality of Sentence for Count Two

5

Petitioner alleges that the sentence he received for armed bank robbery under § 2113(a) and (d) includes the use of the gun and thus the conviction and consecutive sentence he received for the § 924(c) charge is unconstitutional. Apparently, his argument is that since both crimes involve the use of a weapon as an element he cannot be convicted and sentenced under both statutes. As the government correctly recalls, with regard to § 924(c), the Supreme Court has held that a defendant could not receive consecutive sentences for both armed robbery and using a gun during a crime of violence. *Simpson v U.S.*, 435 U.S. 6 (1978). In 1984, however, Congress amended § 924(c) overruling *Simpson* and allowing cumulative or consecutive punishment in addition to the underlying violent crime. U.S. v. Gonzalez, 520 U.S. 1, 6 (1997); *U.S. v. Holloway*, 905 F.2d 893, 894 (5th Cir. 1990). Therefore, Petitioner's consecutive sentence for violation of § 924(c) is not unconstitutional.

### D. Conclusion

Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. First, his petition is untimely and shall be barred by the one year limitation period provided under 28 U.S.C. § 2255. Secondly, and though further analysis was not required, Petitioner's arguments are not supported by law or the facts. Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 17th day of November, 2006.

/s/ Glen H. Davidson
Chief Judge